ANDREW FOLAN *vs.* JEDEDIAH G. LARY.

Androscoggin, 1874.—August 7, 1875.

*Evidence. Deposition.*

When a plaintiff becomes nonsuit, or discontinues his suit and commences another for the same cause, . . all depositions taken for the first may be used in the second suit, if they were duly filed in the court where the first suit was pending and remained on file till the second suit was commenced; otherwise not. R. S., c. 107, § 19. *Held,* that this rule is applicable as well where the first suit was commenced in another state and the depositions were taken to be there used, as where it was commenced in this state.

Where a party, taking a deposition, has, by his own negligence in not putting it on file, lost the right to use it while the deponent is still alive, the right to use it will not be revived by the death of the deponent.

ON EXCEPTIONS.

ASSUMPSIT.

The defendant contracted in the winter of 1865–6, with Robishaux and Dussault to cut and haul at Gorham, New Hampshire, a quantity of wood at a price agreed per cord. Robishaux and

Dussault obtained their supplies for their men and camps, of the plaintiff, who brought this action to recover for the same of the defendant. The plaintiff sued the defendant on the same account in the supreme judicial court in Coos county, New Hampshire, in 1867, and became nonsuit at the November term, 1869. Pending the action in New Hampshire, the defendant caused to be taken to be used in that action, (the cause and the parties being the same as in this,) the deposition of Barker Burbank, at Shelburne, New Hampshire; and the plaintiff by his attorney, was present at the taking and cross examined the deponent, who died in November, 1867, and the deposition was not returned to court, but remained in the hands of the defendant's attorney at New Hampshire, not having been used in the trial of the action. At the trial here, the defendant offered to prove the testimony of Barker Burbank at the time of giving his deposition either by the magistrate before whom the deposition was taken or by the reading of the deposition which was material to the defense; but the presiding justice refused to admit the deposition or the testimony of the magistrate; and the defendant, the verdict being for the plaintiff, excepted. There were also other exceptions which are stated in the opinion.

*O. Ray* and *M. T. Ludden*, for the defendant.

The plaintiff becoming nonsuit in the New Hampshire court, deprived the defendant of the opportunity of using the deposition in that case. The deponent having died and the plaintiff removed from New Hampshire into Maine and brought this action, the defendant unless he can use Burbank's deposition has lost the benefit of important and material testimony wholly through the plaintiff's maneuvering.

If the witness had testified in court upon a former trial of this action or the action in New Hampshire, we could after his decease prove his testimony here. *Lime Rock Bank* v. *Hewett*, 52 Maine, 531. *Emery* v. *Fowler*, 39 Maine, 326, and authorities *passim*.

An unused deposition comes within the same rule. In Greenleaf on Ev., vol. 1, § 163, he says, "this testimony may have been given either orally in court or in written depositions taken out of

court." Its admissibility turns on the right to cross examine, Id. and § 164.

*W. P. Frye, J. B. Cotton* and *W. H. White*, for the plaintiff.

We are unable to find any authority whatever for admitting proof of the testimony of a deceased witness, where that testimony has not been used in any former trial; and no such authority exists. *George* v. *Fisk*, 32 N. H., 32.

WALTON, J. I. Depositions taken to be used in a suit pending must be filed with the clerk at the term for which they are taken, and allowed to remain on file, or they cannot be used at a subsequent term by the party taking them. Rule 25, of this court.

When a plaintiff becomes nonsuit, or discontinues his suit and commences another for the same cause, all depositions taken for the first may be used in the second suit, if they were duly filed in the court where the first suit was pending and remained on file till the second suit was commenced; otherwise not. R. S., c. 107, § 19.

This rule is applicable as well where the first suit was commenced in another state, and the depositions were taken to be there used, as where it was commenced in this state, and for the same reason; namely, that the adverse party has a right to inspect the depositions, and use them himself, if he desires to do so; and if the party taking the depositions deprives him of this right, by neglecting or refusing to put them on file, it is but just that he should thereby forfeit the right to use them himself. Another reason for the rule, founded on public policy, is that the depositions should be kept where they can be had and used as evidence for the state, in case the deponents have sworn falsely, and are prosecuted for perjury. The rule is therefore a wise one, and the enforcement of it should not be relaxed. And if the party taking a deposition has, by his own negligence in not putting it on file, lost the right to use it while the deponent is still alive, the right to use it will not be revived by the death of the deponent. That is one of the contingencies which the party taking the deposition should have thought of when he refused or neglected to put it on file. For these reasons we cannot doubt that the deposition of Barker Burbank was rightly excluded.

II. The court is also of opinion that the submission and award between the defendant and one Robishaux was properly excluded. They were *inter alios.* The plaintiff was not a party to the submission, and ought not to be affected by it. .

III. The objections to the admission of Andrew Pilan's deposition are not insisted upon, and we shall not therefore notice them further than to say that in our judgment it was clearly admissible.

*Exceptions overruled.*

*Judgment on the verdict.*

DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.